[No. 14480. Department Two.—September 9, 1893.]

SAM YUEN, RESPONDENT, *v.* WILLIAM McMANN ET AL., APPELLANTS.

ACTION AGAINST SHERIFF — REPLEVIN OF PROPERTY TAKEN UNDER EXECUTION — DAMAGES FOR DETENTION — PARTIES — SURETIES ON OFFICIAL BOND. — The sureties upon the official bond of a sheriff are properly joined as parties defendant in an action against the sheriff for the recovery of personal property wrongfully taken under execution by him in his official capacity, and of damages for its wrongful detention.

ID. — WAIVER OF OBJECTION. — An objection that the sureties upon the official bond of a sheriff are improperly joined with the sheriff in an action against him, is waived by a failure to demur to the complaint upon that ground.

ID. — CAUSE OF ACTION AGAINST SURETIES — DAMAGES. — A complaint against a sheriff and his sureties which alleges that the sheriff as principal and the other defendants as sureties made and delivered his official bond as sheriff, by which the defendants became jointly and severally bound for the faithful performance by the sheriff of his official duties, and then proceeds to state the alleged wrongful act of the sheriff in his official capacity for which damages are sought, is sufficient to show a liability upon the part of the sureties.

ID. — LIABILITY OF SURETIES. — The sureties on the bond of the sheriff, by the terms of the bond, became liable to respond in damages in a sum not exceeding the amount specified therein for any wrongful act or default of their principal in his official capacity.

ID. — EVIDENCE — OFFER OF SHERIFF TO RETURN PART OF PROPERTY. — In an action against a sheriff and the sureties upon his official bond to recover property seized under execution, with damages for its detention, letters of the sheriff offering to return part of the property sued for are properly excluded.

ID. — EFFECT OF STAY BOND UPON APPEAL — DUTY OF SHERIFF TO RELEASE PROPERTY SEIZED UNDER EXECUTION — JUSTIFICATION OF SURETIES. — Under section 946 of the Code of Civil Procedure, which provides that the effect of the perfecting of an appeal and the giving of an undertaking to stay the execution of the judgment or order appealed from is not only "to stay all further proceedings in the court below upon the judgment or order," but also to "release from levy property levied upon under execution issued upon such judgment," it is

XCIX. CAL. — 32

the duty of the sheriff to release from levy all property taken under execution upon notice of the filing of the notice of appeal and the giving of the bond to stay execution, regardless of any question as to the sufficiency or insufficiency of the sureties, and he cannot retain possession until the sureties have justified, or until their justification has been waived.

Id.— RETAINING PROPERTY FOR FEES AND DISBURSEMENTS — UNLAWFUL DETENTION AFTER STAY BOND — KEEPERS' FEES — DEMAND FOR FEES — OFFER TO RETURN RELEASED PROPERTY. — A sheriff who levies upon personal property and who incurs expense for keepers' fees while unlawfully retaining it in his possession, is not entitled to hold the property so levied upon as security for such keepers' fees, and he cannot justify his retention of property, the levy upon which is released by a stay bond, because of the non-payment of his fees and disbursements incurred prior to the release, unless he has demanded the payment of such fees and disbursements, and offered to return the property upon payment of the amount of fees for which he claimed the right to retain the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

R. B. Mitchell, for Appellants.

J. F. Smith, Smith & Murasky, and A. N. Drown, for Respondent.

DE HAVEN, J.— This is an action against McMann, as sheriff, and his co-defendants as sureties, upon his official bond, to recover possession of certain personal property taken by him as such sheriff under a writ of possession issued upon a judgment obtained by one Lee Chuck v. Quan Wo Chong Co., in an action of unlawful detainer, and by which writ the said defendant was commanded to place the plaintiff in that action in possession of the premises described therein, and to make out of the personal property of plaintiff's assignors the amount of damages recovered by the judgment upon which the writ was issued. The plaintiff brought this action as the assignee of Quan Wo Chong Company, and recovered judgment for the return of the property, or its value, five thousand dollars, and for the further sum of one thousand dollars damages for its detention, and for interest and costs of suit. The defendants appeal.

1. The motion to dismiss the action, as to the sureties, was properly denied. They were not improperly joined with their

co-defendant, McMann, as defendants in the action as claimed by them, and, if they were, the objection was waived by the failure to demur to the complaint upon this ground. The complaint was also sufficient in its statement of facts to show a cause of action against the said defendants as sureties upon the official bond of their co-defendant McMann. The complaint alleges that defendant McMann as principal and the other defendants as sureties made and delivered the official bond of the defendant McMann, as sheriff of the city and county of San Francisco, by which the defendants became jointly and severally bound for the faithful performance by the said McMann of his official duties as such sheriff, and then proceeds to state the alleged wrongful act of McMann in his official capacity for which damages are sought in this action. This is sufficient to show a liability upon the part of the defendants as sureties upon such official bond, for, by the terms of such bond, they became liable to respond in damages in a sum not exceeding the amount specified therein for any wrongful act or default of their principal in his official capacity. (Pol. Code, secs. 960, 961; *Van Pelt* v. *Littler*, 14 Cal. 194.) The case of *Ghiradelli* v. *Bourland*, 32 Cal. 585, cited by defendants, is not opposed to our conclusion upon this point. The complaint in that case did not directly aver that the defendants sued therein as sureties signed or joined in the execution of any official bond, nor did it show the terms of such bond, and it was not distinctly alleged that the defendant, sued therein as sheriff, ever executed any official bond as sheriff. The distinction between that case and the present is, we think, quite obvious.

2. The letter of defendant McMann, dated December 31, 1888, was properly excluded, as it did not contain an offer to restore to plaintiffs all the personal property sued for in the action, and the same may be said of the subsequent letter of January 4, 1889, also excluded. In addition to this, it seems that the plaintiff did, upon January 5, 1889, accept from defendant McMann the property offered to be returned in this last letter and at the time named therein, so that, in any view, its exclusion could not possibly have injured the defendants.

3. The evidence on the part of plaintiff tended to show, among other matters, that on December 22, 1888, his assignors

appealed from the judgment against them in the action for unlawful detainer before referred to, and in addition to the usual bond on appeal filed an undertaking in an amount fixed by the court in which the judgment was rendered, sufficient to stay the execution thereof in all its parts, and the defendant McMann was on that day served with notice of such appeal, and of the filing of the undertaking to stay the execution of the judgment. The defendant McMann had already made a levy upon certain personal property of the defendants in that action, and was engaged in placing the plaintiff therein in possession of the premises recovered at the time he received this notice. The evidence further tended to show that at the time of giving to defendant McMann notice of the filing of the bond on appeal, and of the undertaking to stay the execution of the judgment appealed from, the assignors of plaintiff demanded that he should release from levy the personal property taken upon the execution, and he refused to do so, giving as a reason that they were not entitled to such release until the sureties upon the undertaking staying execution of the judgment had justified. At this time, however, no exception had been taken to such sureties by the plaintiff in that action. In this state of the evidence the defendant requested the court to instruct the jury as follows:—

"It was not the duty of the defendant McMann to deliver the personal property so levied upon, even in the event that his fees had been paid him, upon the mere filing of the stay bond on appeal to the supreme court. It was his duty to hold the property until the sufficiency of the sureties on that appeal bond had been approved by the court, or all questions as to their sufficiency had been waived by stipulation, or in some other proper manner, between the parties to the suit." The court refused to give this instruction, but, on the contrary, instructed the jury as follows: "I instruct you that the sufficiency or insufficiency of the sureties on the bond on appeal from the judgment rendered . . . . in no way affected the question of the perfection of the appeal so far as these defendants are concerned, and that upon the filing and service of the notice of appeal from said judgment, and the filing of the bond on appeal and stay bond on appeal from said judgment, the appeal thereupon became

perfected, notwithstanding any question as to the sufficiency or insufficiency of the sureties, and it was the duty of the defendant, William McMann, to release all property from levy under the writ of possession issued upon said judgment, immediately upon notice to him of the perfection of said appeal."

The defendants now claim that the court erred in refusing to give the instruction requested by them, and in giving the foregoing instruction, and it is argued in support of this proposition that when a levy has been made under an execution, the only effect of filing an undertaking to stay the execution of the judgment is to stay the sale of the property, but that the officer executing the writ may retain possession of such property until the sureties on the undertaking have justified, or their justification has been waived, or the time within which to except to their sufficiency has expired. The language of section 946 of the Code of Civil Procedure cannot be construed so as to sustain this position of defendants. By that section the declared effect of perfecting an appeal and giving an undertaking to stay the execution of the judgment appealed from, is not only "to stay all further proceedings in the court below upon the judgment or order appealed from," but to also "release from levy property levied upon under execution issued upon such judgment." In view of this explicit language of the statute, it must be held that the court below correctly instructed the jury upon this point. It was no concern of the defendant whether or not the sureties upon such undertaking, or others in their place, would be able to justify if exception should be taken to their sufficiency, and we understand that this was so substantially held by this court in the case of *Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222; 15 Am. St. Rep. 50. In that case the court said: "Section 946 provides that whenever an appeal is perfected, as provided in the preceding sections, proceedings shall be stayed. This must be so, without reference to the sufficiency or insufficiency of the sureties. It is only necessary under these sections that a bond be given at the proper time and in due form.

"If the sureties are insufficient pecuniarily the opposite party has his remedy under section 948. He may, as provided in that section, except to the sureties at any time within thirty

days after the filing of the undertaking, and, unless they *or other* sureties justify, as therein provided, within thirty days after the appellant has been served with notice of such exceptions, execution of the judgment, order, or decree appealed from *is no longer stayed.*"

It is true that in that case the question before the court was whether or not the filing of such an undertaking was, before justification of the sureties thereon, sufficient to prevent the execution of that part of the judgment directing that the plaintiff therein be put in possession of certain premises awarded to him by the judgment. But there is no difference in principle between that case and this, the question in both being whether the undertaking to stay execution shall have attached to it the effect declared by the statute before the sureties thereon have justified ; and, if prior to such justification, it is sufficient to prevent a plaintiff from proceeding to levy upon property for the purpose of securing satisfaction of his judgment, or from proceeding to obtain possession of property awarded to him by such judgment, no reason is perceived why it should not be equally effective to require a release of property actually levied upon under execution issued upon such judgment. Its operation in the one case would work no greater hardship upon a judgment creditor than in the other.

4. We do not think the court erred in any of its rulings in the admission or exclusion of evidence, or in modifying the first instruction requested by defendant so as to read : "The defendant McMann, at the time of the levy of the writ of possession in *Lee Chuck* v. *Quan Wo Chong Co.*, was the sheriff of the city and county of San Francisco. He levied upon a portion of the personal property contained in the premises described in the amended complaint, and caused it to be conveyed to a warehouse. He was entitled to hold such property so levied upon as security for his fees and necessary disbursements in levying upon said property, excepting keepers' fees, in removing it to a warehouse, in storing it there, and insuring it, and taking proper care of it. He could not be required to surrender said property until his fees and expenses, as aforesaid, were paid, if the same were demanded by him." The defendants object to that part of the instruction as given, which denied to the sher-

iff the right to hold the property until the payment of keepers' fees, and the last sentence, which, in effect, told the jury that the sheriff could not justify his retention of the property, because of the non-payment of his fees and disbursements, unless he had demanded the payment of such fees and disbursements. The law was correctly declared in the instruction as given, and was particularly applicable to the facts of the case as presented by the evidence. Whatever expense was incurred for keepers' fees accrued while the defendant McMann was unlawfully retaining it in his possession, if the property in respect to which such expense was incurred was ever levied upon; and it is clear that until notified of the amount of the fees for which the sheriff claimed the right to retain the property no tender thereof could have been made. It was the duty of the sheriff to inform the plaintiff of the amount of his fees, and, when demand for the property was made, to offer to return the same upon payment of such fees.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.