[Civ. No. 4255. Third Appellate District.—March 18, 1931.]

THE FIRST NATIONAL BANK OF MARYSVILLE (a Corporation), Respondent, v. CHAS. J. McCOY, etc., Appellant.

Rich & Weis for Appellant.

Frank A. Duryea for Respondent.

MR. JUSTICE THOMPSON (R. L.), DELIVERED THE
OPINION OF THE COURT.—This is an appeal from a writ of
*mandamus* directed against the appellant as sheriff of Yuba
County to compel him to pay to the assignee of a judgment
creditor an amount of money recovered upon the levy of an
execution, but which was subsequently returned to the judg-
ment debtor under order of the court.

In an action of *assumpsit* which was tried in Yuba
County, entitled *Duryea* v. *Johnson,* the plaintiff recovered
judgment in July, 1929. A notice of appeal to the District
Court of Appeal was duly filed. No bond staying execution
was then filed. An execution was issued and placed in the
hands of the appellant for satisfaction. The sheriff
promptly levied upon property belonging to the judgment
debtor. This property, after due notice, was sold October
23, 1929, for $182. At the same time, the sheriff seized a
certain bean-rake belonging to the judgment debtor, which
was also noticed for sale to be held on October 31st. On
the last-mentioned date, before the sale of the rake, the
judgment debtor filed a purported bond for the purpose of
staying execution. The bond erroneously recited that "The
defendants in the above-entitled action have appealed to the
Supreme Court of the State of California." The court
thereupon signed and filed an order in that action staying
execution and directing the sheriff to return to the judg-
ment debtor all money and property recovered by the officer
under execution. This order contains the following lan-
guage:

"It appearing to the Court that the defendant has ap-
pealed from the decision rendered herein in favor of the
plaintiff and after filing a good and sufficient bond upon
appeal, and also to stay the writ of execution, now,

"It Is Therefore Ordered, and the Sheriff of the County
of Yuba, State of California, is hereby directed to stay all
proceedings under and by virtue of the execution now in
his hands and to return any and all property to the judg-
ment debtor which he may have in his custody by virtue of
any process hereunto issued out of the above entitled Court
and cause."

Pursuant to the foregoing order the sheriff promptly de-
livered to the judgment debtor the said sum of money which

he had obtained on sale of personal property, together with the bean-rake held pursuant to the authority conferred by the execution. On the day following the filing of this undertaking to stay execution, and following the making of the foregoing court order and return of the property by the sheriff, the judgment creditor served and filed a notice excepting to the sufficiency of the sureties on this stay bond. The sheriff was also served with a copy of this notice. The sureties failed to justify. Upon default of the sureties, the court made an order, November 19, 1929, setting the stay bond aside and directing the sheriff to proceed to enforce the satisfaction of the judgment by execution. The sheriff, however, was unable to recover the money or property delivered by him to the judgment debtor. After demand and failure to recover this money or property, this petition for a writ of *mandamus* was filed. The foregoing facts appear in the pleadings without substantial dispute.

At the trial upon this petition for writ of *mandamus* the court found that the sheriff had duly levied upon the property of the judgment debtor in the action entitled *Duryea* v. *Johnson* and had recovered the sum of $182 and one bean-rake of the reasonable value of $70; and that this property was wrongfully withheld from the judgment creditor. Thereupon a peremptory writ of *mandamus* was issued directing the sheriff to forthwith pay to the judgment creditor in that action said sum of $182 and deliver to him said bean-rake, or in lieu thereof, the further sum of $70 as the reasonable value thereof. From this judgment an appeal was perfected.

The appellant contends that even though the court order directing him to return the money and property to the judgment debtor was unauthorized, it appears to have been duly and regularly made by a court having jurisdiction of the subject matter, and therefore justifies his delivery of the property.

It is immaterial that the bond may have been void from its inception on account of an erroneous recital therein that the appeal had been taken to the "Supreme Court", instead of to the District Court of Appeal. It has been held this error invalidates the bond. (*McAulay* v. *Tahoe Ice Co.*, 3 Cal. App. 642 [86 Pac. 912]; *Bergevin* v. *Wood*, 11 Cal. App. 643 [105 Pac. 935].) This error, however, did

not appear upon the court order directing the sheriff to return the property. There is no evidence the sheriff was aware of this error. The court recited in its order that "a good and sufficient bond upon appeal, and also to stay the writ of execution", had been filed.

█ It is true that the satisfaction of a money judgment is not stayed on appeal except upon the filing of an undertaking for that purpose as provided by section 942 of the Code of Civil Procedure. Even when this bond to stay execution has been filed, the sheriff is not authorized to release property in his possession upon which he has regularly levied an execution unless the judgment creditor fails for a period of five days after the filing thereof to object to the sufficiency of the sureties thereon. Section 946 of the Code of Civil Procedure provides in part: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings . . . and releases from levy property which has been levied upon under execution issued upon such judgment; provided, however, said property shall not be released from the levy, if the respondent excepts to the sufficiency of the sureties within five days after the giving of the undertaking staying execution until such sureties, or others, justify in the manner prescribed by law; . . . "

The case of *Sam Yuen* v. *McMann,* 99 Cal. 497 [34 Pac. 80], is not in conflict with the foregoing construction of section 946 of the Code of Civil Procedure. It is true that case held that it was the duty of a sheriff to return property recovered from a judgment debtor pursuant to an execution when a stay bond is filed regardless of the right of the judgment creditor to except to the sufficiency of the sureties within five days thereafter. But the code did not then contain the proviso with relation to the privilege of excepting to the sufficiency of the sureties within five days after the filing of the bond. Section 946 of the Code of Civil Procedure was subsequently amended by adding the above proviso. (Stats. 1913, p. 216.)

█ Pursuant to the statute last quoted it is apparent the foregoing order of court directing the sheriff to return the property to the judgment debtor was premature and unauthorized. But the court did have jurisdiction of the subject matter. (*Donegan* v. *City of Los Angeles,* 109 Cal.

App. 673 [293 Pac. 912].) Although the order was based upon an erroneous assumption of the law and an incorrect statement of facts, it nevertheless furnishes a complete justification for the sheriff to return the property since no evidence of its invalidity appears upon the face of the order. Section 4168 of the Political Code provides: "A sheriff or other ministerial officer is justified in the execution of, and must execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued".

It is ordinarily the duty of a sheriff to retain the custody of property acquired by levy, until he may dispose of it in satisfaction of the judgment pursuant to law. He may become civilly liable for an illegal or unauthorized disposition of the property. (23 Cal. Jur. 305, sec. 17; 23 Cal. Jur. 311, sec. 20.) ▆ The powers and duties of a sheriff, however, are ministerial in their nature. He is an officer of the court and should render obedience to the mandates of court unless the process or order appears upon its face to be illegal or that it was issued without jurisdiction. (23 Cal. Jur. 294, sec. 7.) When the order or process appears to be regular and valid upon its face and to have been executed by competent authority, it is the duty of a sheriff to execute it. (Sec. 4168, Pol. Code; 23 Cal. Jur. 300, sec. 13; *Burlingame* v. *Traeger,* 101 Cal. App. 365, 369 [281 Pac. 1051, 1052]; 1 Freeman on Executions, 3d ed., p. 362, sec. 101.) In the authority last cited, it is said: "The sheriff may limit his inquiries to an inspection of the writ. If the writ is issued by the proper officer, in due form, and appears to proceed from a court competent to exercise jurisdiction over the subject-matter of the suit, to grant the relief granted and enforce it by the writ issued, and there is nothing on the face of the writ showing a want of jurisdiction over the person of the defendant, or showing the writ to be clearly illegal from some other cause, the officer may safely proceed. . . . Officers are also protected where, though the court had jurisdiction, the writ is void as between the parties thereto on account of something not appearing on the face thereof. . . . The rule that an officer may justify under a writ valid on its face is one of protection. . . . An officer may limit his inquiries to an inspection of the face of the writ, and . . . he is not to be held

responsible for anything of which the writ gives no notice, and of which he has no actual knowledge."

To the same effect, it is said in the case of *Burlingame* v. *Traeger, supra:* "An officer to whom an order or a warrant of arrest has been delivered for execution is not required at his peril to look behind the order if it appears to be regular on its face and issued by a court of competent jurisdiction. . . . As said in *Magnaud* v. *Traeger*, 66 Cal. App. 526 [226 Pac. 990, 992], 'Without doubt, if a writ or an order commanding a sheriff to do or to refrain from doing an act be legal upon its face and show an apparent jurisdiction, and if the court issuing the writ or making the order has jurisdiction of the subject matter, the officer will be protected when in good faith he acts in obedience to the writ or to the order.' "

In the present case the sheriff appears to have acted in perfect good faith. Since the order of the court stated that "a good and sufficient bond . . . to stay the writ of execution", had been filed, and since the order fails to state when the undertaking was filed, the sheriff was justified in assuming that the bond conformed in every way to the requirements of the law, and that the five days allowed by statute for excepting to the sufficiency of the sureties had elapsed. The order also specifically directed the sheriff "to return any and all property to the judgment debtor which he may have in his custody". This order was valid on its face. The sheriff is a mere ministerial officer. He is not required, at his peril, to search the records to dispute specific statements which are recited in a court order directing him to perform a ministerial duty. The sheriff is fully protected by the court order directing him to return the property. The writ of mandate was therefore erroneously issued in the present case.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.