[Civ. No. 19362. Second Dist., Div. Three. Dec. 22, 1952.]

LORENZO DEL RICCIO et al., Petitioners, v. THE SU-
PERIOR COURT OF LOS ANGELES COUNTY, Re-
spondent.

Charles L. Nichols, Ivan Miller and Anthony T. Carsola for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Patrick D. McGee for Real Party in Interest.

SHINN, P. J.—Petition for writ of mandate to require the superior court to annul certain orders.

Petitioners, Lorenzo Del Riccio and Kent Allen, recovered a judgment against Photochart, a corporation, for $10,041.74 in action No. 595352. The judgment was duly entered and

no stay of execution was then sought or ordered. A writ of execution was issued and levied upon a bank, in which the defendant had on deposit the sum of $6,426.66. The bank made its return and paid the sum to the sheriff. On September 24th, while the sheriff still had the money in his possession, upon application of the defendant, the court ordered the sheriff not to pay any moneys to plaintiffs in the action, and that: "Further execution in the above entitled matter is stayed upon the condition that the defendant forthwith and within 15 days, bring on, upon notice to plaintiffs, a motion to post a cash undertaking sufficient to protect plaintiffs in the event the motion for new trial heretofore made should be denied." On October 2d plaintiffs made a motion, on notice, to vacate the former order, which motion was denied. On October 9th the defendant, on notice, moved for an order staying execution upon posting a cash undertaking in the action (consisting in part of the money in the hands of the sheriff), and, defendant having deposited with the court an additional $1,500, the court made a further order that: "Further execution in the above entitled matter is hereby stayed until ten (10) days after determination of the motion for new trial heretofore filed by defendant." This proceeding is for the annulment of both orders.

No motion was made to recall the execution or quash the levy. No claim was or is made of any irregularity in the proceedings. The statutory authority to stay execution is derived from section 681a, Code of Civil Procedure.[1] Although the orders here purported to stay execution, they came after the writ had been fully executed by the sheriff with respect to the money in question. The authority conferred by the code is to restrain further proceedings that might be taken in execution of the writ. The purpose of the orders in question was not to halt execution of the writ but only to restrain the sheriff from paying over money in his possession. We do not construe the second order as a command to the sheriff not to pay over the money, although it has been accorded that effect.

---

[1]"The court, or the judge or justice thereof may stay the execution of any judgment or order; provided that no court shall have power, without the consent of the adverse party, to stay the execution of any judgment or order, the execution whereof would be stayed on appeal only by the execution of a stay bond, for a longer period than ten days in justices' courts, nor for a longer period than thirty days in other courts. If a motion for a new trial is pending, execution may be stayed until ten days after the determination thereof."

The question then is whether in the absence of statutory authority such procedure was within the inherent powers of the court. By section 691 of the Code of Civil Procedure it is made the duty of the officer who collects money on execution to pay over to the plaintiff or his attorney so much thereof as will satisfy the judgment. Where a sale is required he has the same duty to pay the amount of the judgment from the proceeds of the sale.

When the writ has been regularly issued and executed, money collected, while in the hands of the officer, is property of the judgment creditors and not the debtor. Nothing can be done with it other than to turn it over to the creditor. The possession of the officer solely for the use and benefit of the creditor is possession by the latter. As between the parties, the money should be deemed to have been delivered to the creditor immediately upon its receipt by the officer and his right to receive it is not affected by any delay that may occur. Correspondingly, when the debtor's money is taken on a valid execution it ceases to be his and he immediately becomes entitled to partial or full satisfaction of the judgment. The rights of the parties cannot be interfered with except through procedure authorized by statute. There can be no doubt as to the power of the court to control further proceedings while the execution is outstanding, but we think the court was without power to take control of the money of petitioners by ordering the sheriff not to pay it over as he was legally bound to do. The court would not have had authority to order the petitioners to pay the money into court after they had received it, and yet the orders in question accomplished a seizure by taking control of the fund.

In the exercise of equitable jurisdiction the court undoubtedly has broad discretionary powers to take whatever action is necessary in the interests of justice in order that its decrees will not fail to accomplish their purpose. Here, no appeal was made to the equitable powers of the court. A stay of execution was proper—the code provides for it—but the court could not, by ordering a stay, undo what had already been done so as to deprive the creditor of ownership and use of money collected under the writ.

The power of the court to stay execution is limited by statute. There is no provision for a stay of execution upon the giving of security and the court may not extend its purely statutory authority on condition that security be given.

Let the writ issue commanding the superior court to vacate its orders of September 24, and October 9, 1952, insofar as they purport to command the sheriff not to pay over to petitioners herein the money on hand, less sheriff's fees and costs.

Wood (Parker), J., concurred.

Vallée, J., did not participate herein.