[Civ. No. 20340.   First Dist., Div. Three.   Jan. 23, 1962.]

BEA CURLEY et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; OVERSEAS NATIONAL AIRWAYS et al., Real Parties in Interest.

370

Graves, MacLeod & Gifford for Petitioners.

No appearance for Respondent.

Angell, Adams, Gochnauer & Elder, Robert M. Adams, Jr., Philip H. Angell, Jr., John B. Brethauer and Brethauer, Crvarich & Kelley for Real Parties in Interest.

DRAPER, P. J.—This proceeding in prohibition tests the validity of an order of the trial court staying execution.

The two petitioners, as plaintiffs, had judgment for $5,000 each against all defendants. All defendants appealed, but none then filed stay bond. Plaintiffs thereafter secured issuance of writ of execution, and under it levied upon bank accounts of one defendant in San Francisco and of other defendants in Alameda County. The Alameda bank paid the amount it held to the sheriff. The San Francisco bank has not yet paid, but concededly holds an account in excess of $10,000. In our view of the law, the fact that one sheriff physically held the funds, while the other did not, is immaterial. Upon application of the several judgment debtors, and after hearing, the trial court granted defendants leave to file bonds, and directed that upon such filing further proceedings under the writ of execution be stayed and that the two sheriffs release the levies theretofore made. Bonds were filed promptly. Upon application of plaintiff petitioners, we granted alternative writ of prohibition.

Petitioners argue that once the levies were made, the trial court lost jurisdiction to stay or release. They contend that when money is paid to a sheriff under writ of execution it becomes the property of the judgment creditor and not of the debtor (*Del Riccio* v. *Superior Court,* 115 Cal.App.2d 29 [251 P.2d 678]). But *Del Riccio* holds only that the court lacks power to stay, in such circumstances, "in the absence of statutory authority." In that case, no appeal had been taken, and the stay could be justified only under Code of Civil Procedure section 681a, which did not authorize release from levies already made.

In our case, appeal has been taken and a wholly different statute applies. ■ While an appeal does not stay execution unless undertaking is filed (Code Civ. Proc., § 942), "[w]henever an appeal is perfected," a stay does result (Code Civ. Proc., § 946). ■ An appeal is perfected, within the meaning of this section, when a stay bond is filed (*Patterson* v. *Pacific Indemnity Co.,* 119 Cal.App. 203, 206 [6 P.2d 102]; *Conniff* v. *Superior Court,* 90 Cal.App. 169, 174 [265 P. 555]). ■ When the appeal is so "perfected" (and, under the present statute, when the time to except to sureties has expired), it specifically "releases from levy property which has been levied upon under execution issued upon such judgment" (Code Civ. Proc., § 946). To accept petitioners' contention would be to negate this portion of the statute. ■ The fact that property or money has been seized by the sheriff under execution does not prevent its release upon perfection of the appeal (see *Sam Yuen* v. *McMann,* 99 Cal. 497, 501 [34 P. 80]; *First Nat. Bank of Marysville* v. *McCoy,* 112 Cal. App. 665 [297 P. 571]).

It is clear that the trial court acted within its powers in directing release of the levies. Petitioners are amply secured in that two groups of defendants have separately filed full stay bonds.

The trial court was technically in error in failing to provide time for exception to the sureties. However, this error is now moot, since no exceptions have been filed, and our alternative writ has prevented premature release.

Peremptory writ denied and alternative writ discharged.

Salsman, J., and Devine, J., concurred.