[No. D016813. Fourth Dist., Div. One. July 20, 1992.]

CALIFORNIA COMMERCE BANK, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN MARCOS NATIONAL BANK, Real Party in Interest.

**COUNSEL**

Schall, Boudreau & Gore, Tina M. Pivonka and Michael D. Osteen for Petitioner.

No appearance for Respondent.

Higgs, Fletcher & Mack and John Morris for Real Party in Interest.

**OPINION**

**TODD, J.**—In the case of a perfected appeal, does the posting of a sufficient bond after the marshal has taken possession of money pursuant to a writ of execution result in a stay of enforcement of judgment and require the return of funds held in levy to the judgment debtor? Based on our review of the statutory scheme pertaining to the stay of enforcement of judgments, we answer that question in the affirmative and accordingly grant the petition.

### BACKGROUND

San Marcos National Bank (SMNB) obtained a money judgment in the amount of $99,753.33 against California Commerce Bank (CCB). CCB filed a notice of appeal on April 20, 1992. On May 11, 1992, the Marshal of Los Angeles County (the Marshal) served CCB with levy on a writ of execution. CCB paid the Marshal $101,885.83. On May 19, 1992, CCB filed a stay bond in the amount of $149,630 with the court and served notice of the bond on SMNB.

On May 26, 1992, CCB applied ex parte to the court to stay execution pending appeal and to direct the Marshal to return the funds to CCB. The court denied the application on the grounds CCB had delayed in obtaining the bond and the execution was complete at the time the Marshall took possession of CCB's funds.

These proceedings ensued. This court directed the Marshal to hold the levied funds pending disposition of this matter.

## DISCUSSION

The perfecting of an appeal by the filing of a notice of appeal generally stays proceedings in the trial court including the enforcement of the judgment. (Code of Civ. Proc.,[1] § 916, subd. (a); Cal. Rules of Court, rule 1(a).) However, the perfecting of an appeal does not stay enforcement of a money judgment unless an undertaking is given. (§ 917.1, subd. (a).) A bond is interchangeable with an undertaking. (§ 995.210, subd. (a).) The bond must be filed with the court and served on the beneficiary. (§§ 995.340, subd. (a); 995.370.) The bond is effective when given without approval of the court. (§§ 995.410, subd. (a); 995.420, subd. (a).)

█ CCB contends that with the perfecting of the appeal on April 20, 1992, and the filing and service of sufficient bond on May 19, 1992, a stay of enforcement pending appeal arose by operation of law. It contends all the conditions for a stay of enforcement of judgment were met prior to its application for a stay and turnover order and the court erred in refusing to issue an order staying further execution and directing the Marshall not to deliver funds to SMNB.

█ The power of the court to stay execution is limited by statute and in the absence of statutory authority a court cannot undo what has already been done so as to deprive a judgment creditor of ownership and use of money collected under a writ of execution. (*Del Riccio* v. *Superior Court* (1952) 115 Cal.App.2d 29, 31 [251 P.2d 678].) In *Del Riccio* judgment was entered, no stay of execution was sought or ordered, a writ of execution issued, and the sheriff levied upon the judgment debtor's bank account. While the sheriff still had the money in his possession, the trial court ordered the sheriff not to pay any moneys to the judgment creditors. Upon the posting of an undertaking the court stayed further execution until after determination of a motion for new trial. The Court of Appeal discussed the parties' interest in money held in levy as follows:

"When the writ has been regularly issued and executed, money collected, while in the hands of the officer, is property of the judgment creditors and

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

not the debtor. Nothing can be done with it other than to turn it over to the creditor. The possession of the officer solely for the use and benefit of the creditor is possession by the latter. As between the parties, the money should be deemed to have been delivered to the creditor immediately upon its receipt by the officer . . . . Correspondingly, when the debtor's money is taken on a valid execution it ceases to be his and he immediately becomes entitled to partial or full satisfaction of the judgment. The rights of the parties cannot be interfered with except through procedure authorized by statute." (*Del Riccio* v. *Superior Court, supra,* 115 Cal.App.2d at p. 31; see also *Estate of Neilson* (1960) 181 Cal.App.2d 769, 773-774 [5 Cal.Rptr. 542, 90 A.L.R.2d 477].)

CCB relies on *First Nat. Bank* v. *McCoy* (1931) 112 Cal.App. 665 [297 P. 571] in support of its position that it is entitled to the moneys held in levy upon the perfecting of an appeal and the posting of the bond. In *First Nat. Bank* the judgment debtor had posted a bond and obtained a stay of execution pending appeal after the sheriff had already levied on property of the judgment debtor. The Court of Appeal found it proper for the sheriff to have returned the property to the judgment debtor after an order to do so by the trial court. The court relied upon former section 946 which provided "[w]henever an appeal is perfected . . . it stays all further proceedings . . . and releases from levy property which has been levied upon under execution issued upon such judgment . . . ." (*Id.* at p. 669; see also *Curley* v. *Superior Court* (1962) 199 Cal.App.2d 369, 371 [199 Cal.Rptr. 727].)

Section 946 is the predecessor of current section 916. Section 916 was added to the statutes in 1968. (Stats. 1968, ch. 385, § 2, p. 816.) Initially, section 916, subdivision (b), continued former section 946's provision with respect to release of levied property.[2] However, in 1982 section 916 was amended to delete former subdivision (b). (Stats. 1982, ch. 497, § 64, p. 2164.) The issue before us therefore is whether the current statutory scheme requires the court to order property held in levy to be released to the judgment debtor upon the judgment debtor meeting the requirements for staying enforcement of judgment.

The 1982 amendment to section 916 was part of a major revision of the enforcement of judgments law. (Stats. 1982, chs. 497, 517, 1364.) The California Law Revision Commission in its October 1980 report submitted a tentative recommendation proposing a new enforcement of judgments law to replace the existing provisions which dated back to the 1872 enactment of the Code of Civil Procedure. (15 Cal. Law Revision Com. Rep. (Oct. 1980)

---

[2]Section 916, subdivision (b), as enacted in 1968 provided: "A stay of proceedings shall release from levy property which has been levied upon under execution issued upon such judgment."

pp. 2001, 2027.) After adoption of the new law in 1982 the Law Revision Commission issued another report containing the full text of the enacted law and official comments reflecting changes made by the Legislature. (16 Cal. Law Revision Com. Rep. (Dec. 1982) p. 1001.) The major overhaul of the law was necessitated by the existing statute's inconsistencies, duplications and unnecessary complexities. The proposed law was intended to provide a new comprehensive statute providing a full and clear treatment of enforcement of judgment laws. (15 Cal. Law Revision Com. Rep. (Oct. 1980) pp. 2001, 2027; 16 Cal. Law Revision Com. Rep. (Dec. 1982) pp. 1001, 1029.)

With respect to the stay of enforcement on money judgments the Law Revision Commission's reports state:

"The proposed law includes provisions concerning the effect of a stay of enforcement of a money judgment on the creation and continuance of enforcement liens. If an appeal is taken from the trial court judgment and a sufficient undertaking is provided, any property levied upon must be released since the execution lien terminates when enforcement is stayed, and no execution or other enforcement lien may thereafter be created or continued while the appeal is pending. These rules continue existing California law." (15 Cal. Law Revision Com. Rep. (Oct. 1980) pp. 2001, 2159, fn. omitted; 16 Cal. Law Revision Com. Rep. (Dec. 1982) pp. 1001, 1164, fn. omitted.)

Before the 1982 revisions to the enforcement of judgment laws, return of the levied property would have been directly provided for under section 916, subdivision (b). Under the "simplified" current law a more circuitous analysis is necessary. The 1982 deletion of subdivision (b) of section 916 was labelled a "technical amendment" by the Law Revision Commission. The commission found subdivision (b) to be "unnecessary in view of Sections 697.040(a) (effect of stay of enforcement on enforcement liens) and 697.050 (release of property.)" (15 Cal. Law Revision Com. Rep. (Oct. 1980) pp. 2001, 2647; 16 Cal. Law Revision Com. Rep. (Dec. 1982) pp. 1001, 1809.)

Section 697.040, subdivision (a)(1) provides that if enforcement of a judgment is stayed on appeal by the giving of a sufficient undertaking, existing liens created under division 2 (§§ 695.010-709.030) are extinguished. Section 697.710 provides that a "levy on property under writ of execution creates an execution lien on the property from the time of levy . . . ." Under section 697.050 "[i]f a lien created pursuant to this division is extinguished, property held subject to the lien shall be released unless the property is to be held under another lien or the property is ordered by the court to be held pending resolution of a dispute concerning its proper disposition." In addition to explaining that the section was new and superseded subdivision (b) of section 916, the Law Revision comment on section

697.050 explained that for property that had been levied upon by a levying officer, release was governed by section 699.060. (15 Cal. Law Revision Com. Rep. (Oct. 1980) pp. 2001, 2260-2261; 16 Cal. Law Revision Com. Rep. (Dec. 1982) pp. 1001, 1275.)

Section 699.060, subdivision (a), requires a levying officer to release property, inter alia, upon receipt of a certified copy of a court order for release or written directions to release from the judgment creditor or his attorney. The release extinguishes any execution lien in favor of the judgment creditor on the released property. Subdivision (b) of section 699.060 provides that "[i]f the property to be released has been taken into custody under the levy, it shall be released to the person from whom it was taken unless otherwise ordered by the court. . . ."

Here, upon the Marshal's levy on the CCB funds an execution lien was created. (§ 697.710.) However, with the subsequent filing of the bond in addition to the earlier notice of appeal, the statutory requirements for a stay of enforcement of judgment under sections 916, subdivision (a), and 917, subdivision (a), were met. Upon the filing of a sufficient bond the execution lien was also extinguished. (§ 697.040.) Once the lien was extinguished, the property held subject to the lien should have been released, absent application of one of the statutory exceptions. (§ 697.050.) The court had the power and was required by the statutory scheme to stay further enforcement of judgment and direct the Marshal to release the property to CCB pursuant to section 699.060. The court erred in failing to do so unless a statutory ground existed that precluded release.

Under section 697.050 the property shall be released unless it is to be held under another lien or there is a dispute pending concerning its proper distribution. SMNB does not contend there are any additional liens and any dispute as to the proper distribution of the property should have been resolved in CCB's favor under the statutory scheme as set forth in this opinion.

In addition to the section 697.050 exceptions, the statutes provide the stay of enforcement may be terminated by the judgment creditor objecting to the sufficiency of the bond and the court determining the bond is insufficient. (§ 922.)[3] An objection to the sufficiency of the bond must be made within 10 days after service of a copy of the bond upon the beneficiary. (§ 995.930, subd. (b).) There is no showing that SMNB objected to the sufficiency of the

---

[3]Section 922 provides: "If an undertaking required or permitted by this title is objected to by the respondent and the court determines the undertaking is insufficient and a sufficient undertaking is not given within the time provided by statute, enforcement of the judgment or order appealed from is no longer stayed and property which has been levied upon under execution issued upon such judgment shall not be released from levy."

bond and the statutory time for objecting ran on May 29, 1992, 10 days after service of the bond. Absent a showing of good cause for failure to make the objection within the statutory time or a showing of changed circumstances, SMNB is deemed to have waived any objections to the sufficiency of the bond. (§ 995.930, subd. (c).)

SMNB argues that the need to execute on the judgment was caused by CCB's long delay in securing the bond. SMNB therefore requests that any release of funds to CCB be conditioned upon CCB reimbursing reasonable attorney fees and costs SMNB incurred in executing on the judgment and SMNB's attorney fees for responding to this writ. The petition for writ of mandate was meritorious, and the attorney fees incurred in responding are properly borne by SMNB. The awarding of attorney fees and costs incurred in connection with executing on the judgment is best determined by the trial court.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (§ 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr.165].)

### DISPOSITION

Let a peremptory writ issue directing the court to vacate its order denying CCB's motion to stay execution on the judgment and for return of funds. Absent the court finding the bond is insufficient pursuant to a SMNB objection and showing of good cause for failure to make the objection within the statutory time, the court is further ordered to enter a new order granting the motion. SMNB's request for attorney fees in these proceedings is denied. The awarding of attorney fees and costs incurred in connection with executing on the judgment is left to the sound discretion of the trial court.

Work, Acting P. J., Huffman, J., concurred.

---

The wording of the section that enforcement of judgment is "no longer stayed" and levied property "shall not be released" upon a determination of insufficiency, implies that upon the posting of a sufficient undertaking the enforcement of judgment is stayed and the levied property is released. Such wording lends further support to the statutory analysis set forth in this opinion.