MEMORANDUM *
Red Line Research Laboratories, Inc. (“Red Line”) appeals the district court’s affirmance of the bankruptcy court’s judgment in favor of Respondent Michael Sgobba (“the Marshal”).[1] Red Line was a judgment creditor of Naki Electronics, Inc. (“Naki”), and levied on an account receivable owed to Naki by Wal-Mart Stores, Inc. The funds were eventually tendered to the Marshal, who subsequently released them to Naki, which had recently filed for bankruptcy and was acting as debtor-in-possession. Red Line asserted that the Marshal erred in releasing the funds. In two different orders, separated by a remand to the bankruptcy court for a trial on factual issues, the district court concluded that Red Line could not demonstrate the “actual damages” required by California law because a third party, Union Bank, held a senior interest in the levied funds at the time the Marshal erred. As a result, the district court held, even though the Marshal had erred in releasing the funds, he was not liable to Red Line. We disagree and reverse.
We review de novo the district court’s decision on an appeal from a bankruptcy court. Onink v. Cardelucci (In re Cardelucci), 285 F.3d 1231, 1233 (9th Cir.2002). ‘We apply the same standard of review applied by the district court, reviewing the bankruptcy court’s legal conclusions de *13 novo and its factual determinations for clear error.” Nielson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 526 (9th Cir.2001). Statutory interpretation is a question of law subject to de novo review. Cardelucci, 285 F.3d at 1233.
We have jurisdiction under § 1291, and conclude that Red Line did not waive its right to appeal the district court’s first order, which discussed the relevance of priority of security interests to Red Line’s damages claim. A decision is generally not final for purposes of § 1291 unless it “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Cunningham v. Hamilton County, 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).
The district court’s first order cannot be viewed as “final” under the Catlin standard. According to the district court’s view of the applicable law, resolution of the dispute between Red Line and the Marshal depended on Red Line’s ability to demonstrate actual damages, an issue that could only be resolved by further proceedings in bankruptcy court to decide the relative priorities of both creditors’ security interests at the time of the erroneous transfer. Since a decision that resolves a legal question, but renders final adjudication of the dispute contingent upon further proceedings, can hardly be deemed a final order, see Catlin, 324 U.S. at 233, 65 S.Ct. 631, Red Line did not waive its right to appeal the district court’s conclusion that the existence of Union Bank’s senior interest on the date of transfer would necessarily preclude Red Line from demonstrating actual damages.
I. Error in releasing levied funds
We agree with both the bankruptcy court and the district court, and hold that the Marshal wrongfully released the funds to Naki. Under California law, a marshal may only release levied funds under certain circumstances:
The levying officer shall release property levied upon when the levying officer receives a written direction to release the property from the judgment creditor’s attorney of record or, if the judgment creditor does not have an attorney of record, from the judgment creditor or when the levying officer receives a certified copy of a court order for release or when otherwise required to release the property.
Cal.Civ.Peoc.Code § 699.060(a). See also Cal. Commerce Bank v. Superior Court, 8 Cal.App.4th 582, 584-85, 10 Cal.Rptr.2d 418 (1992) (“When the writ has been regularly issued and executed, money collected, while in the hands of the officer, is property of the judgment creditors and not the debtor. Nothing can be done with it other than to turn it over to the creditor.”) (quoting Del Riccio v. Superior Court, 115 Cal.App.2d 29, 31, 251 P.2d 678 (1952)).
As the Marshal received neither written consent from Red Line or its attorney, nor a certified copy of a court order, he erred in releasing the funds to Naki.[2]
*14 II. “Actual damages”
In its December 1997 order, the district court held that if Union Bank possessed a perfected security interest in the levied funds at the time of their transfer to Naki, Red Line could not have suffered any cognizable damages under California Government Code § 26664.[3] This conclusion is incorrect.
California Government Code § 26664 provides:
Any sheriff who neglects or refuses to perform the duties under a writ of attachment, execution, possession, or sale, after being required by the creditor’s attorney of record or, if the creditor does not have any attorney of record, by the creditor and after the sheriffs fees have been paid or tendered, is liable to the creditor for all actual damages sustained by the creditor, [emphasis added]
The district court’s rulings are based on its assumption that damages for the wrongful release of funds by the Marshal must be assessed as of the date of the negligent action.[4] We have found no California legal authority that supports this approach. Generally, in an action for negligence, California law provides that “the measure of damages ... is the amount which will compensate for all the detriment proximately caused thereby[.]” Cal. Civ.Code § 3333 (emphasis added). To recover actual or compensatory damages, a plaintiff is not limited to the loss sustained as of the moment of the negligent act, but must establish that its loss was proximately caused by the defendant’s action, in this case the violation of a statutory obligation.
When Red Line brought its action against the Marshal, Union Bank had already agreed to withdraw its third-party claim to the levied funds, on the condition that Red Line not dispute Union Bank’s interest in Naki’s assets in the Naki bankruptcy proceeding. At the time suit was filed, therefore, Red Line was not only the judgment creditor to whom the Marshal was obliged to turn over the levied funds, see Cal.Civ.Proc.Code §§ 699.060, 680.240, it was the sole claimant for the funds. Indeed, even the Marshal concedes that under § 699.060(a), he should have waited until the resolution of the Red Line-Union Bank priority dispute before releasing the funds to any party. Since that priority dispute was resolved in Red Line’s favor, *15 the Marshal would have paid it the levied funds had he properly retained them. The Marshal could not turn over the funds because he had already erroneously released them to Naki, and-Red Line consequently suffered “actual damages” under § 26664. See Sparks v. Buckner, 14 Cal.App.2d 213, 219-20, 57 P.2d 1395 (1936) (“The sheriff has no authority to let the property under attachment go out of his hands, except in due course of law; and if he does, and the debt is lost, he is responsible to the plaintiff in the attachment for the amount of the debt.”). We therefore reverse the district court’s decision, and remand for the entry of an order awarding Red Line compensatory damages for the Marshal’s wrongful release of the levied funds.
REVERSED AND REMANDED WITH INSTRUCTIONS.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. As the facts are familiar to the parties, we do not include them here, except as necessary to understand our disposition.

. Moreover, as the bankruptcy court correctly held, Naki's status as debtor-in-possession at the time of the transfer neither changes this conclusion nor renders the Marshal’s error harmless. Naki did not file a bankruptcy petition until after the funds were tendered to the Marshal. Under our jurisprudence, the levied funds were transferred to Red Line when the Notice of Levy was served on WalMart, which occurred outside the ninety-day preference period. The transfer was therefore not a preference that could be avoided by the debtor-in-possession. See 11 U.S.C. § 547 (applicable Code provision on voidable preferences); Wind Power Sys., Inc. v. Cannon Fin. Group, Inc. (In Re Wind Power Systems, Inc.), *14 841 F.2d 288, 291 (9th Cir.1988) (concluding that "a ‘transfer’ for purposes of § 547 is predicated upon the fixing of priorities among creditors, and priority in that case was determined by an event outside the preference period”). Once the levy was served, Naki’s interest in the funds was terminated, and Red Line's interest in the funds was perfected against any subsequent creditor. See Cal.Civ. Proc.Code § 701.010.

. Although it is a close question, we also conclude that California Government Code § 26680, which provides for recovery of the amount wrongfully released as well as additional penalties and interest, does not apply in this case because it is not clear that the Marshal was intentionally delinquent in releasing the monies to Naki. See Wilson v. Broder, 10 Cal. 486, 489 (1858) (holding that the remedy under § 26680 "was only given for cases of intentional delinquency on the part of the Sheriff, as a punishment for his willful or corrupt neglect of duty”); Cal. Gov.Code § 71265 (§ 26680 also "applfies] to marshals and govern[s] their powers, duties and liabilities”).

. The district court’s holdings also presume that since Red Line was the junior creditor at the time of the wrongful release of funds, it either had no right to the levied funds, or sustained no injury upon the Marshal’s negligent action. Either conclusion is incorrect. The Marshal’s statutory duty is owed to the judgment creditor, which has a right to the funds. See Del Riccio, 115 Cal.App.2d at 31, 251 P.2d 678. A senior secured creditor merely has priority, i.e. first claim to the funds, and the priority dispute should be settled before the Marshal releases the funds. See Cal.Civ.Proc.Code §§ 720.250, 720.610(3).