Filed 5/29/13

*CERTIFIED FOR PUBLICATION*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| ADIR INTERNATIONAL, LLC, | B247117 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC451147) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| FUSION INDUSTRIES, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS in mandate.  Abraham Khan, Judge.
Petition denied.

Elizabeth T. Van Horn, Assistant General Counsel, for Petitioner.

No appearance for Respondent.

Law Offices of A.J. Glassman and A.J. Glassman for Real Party in Interest.

_____

After the sheriff levied on funds in its bank account, pursuant to a writ of execution, a judgment debtor filed a notice of appeal and a sufficient appeal bond. The debtor gave notice of these documents to the sheriff, in order to prevent the sheriff from disbursing the levied funds to the judgment creditor. However, the debtor failed to file a motion to quash the writ of execution. The sheriff then disbursed the levied funds to the creditor. The debtor filed an ex parte application, requesting the trial court to order the creditor to return the funds erroneously disbursed to it by the sheriff. The trial court denied the order, on the basis that it had no jurisdiction to do so once the funds had been delivered to the creditor. The debtor filed a petition for writ of mandate challenging the trial court's order. We issued an order to show cause and now deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Petitioner Adir International, LLC dba Curacao, filed the instant action against Fusion Industries, which then filed a cross-complaint. The action proceeded to a jury trial, in which Fusion prevailed. The verdict, in an amount exceeding $90,000, was reached on October 12, 2012. Judgment was entered on November 27, 2012, with notice of entry shortly thereafter.

---

[1] After giving notice to the parties, we have taken judicial notice of the Superior Court "case summary," to confirm certain dates which are unclear from the documents submitted in support of the petition.

On December 10, 2012, Fusion, now the judgment creditor, obtained a writ of execution.[2] Fusion filed the writ of execution with the Los Angeles County Sheriff,[3] who was statutorily required to execute it. (Code Civ. Proc., § 699.530, subd. (a).)

On December 12, 2012, Adir International, the judgment debtor, filed a motion for judgment notwithstanding the verdict, which was set to be heard on January 17, 2013. In the meantime, collection efforts continued. The sheriff levied on the debtor's bank account on December 13, 2012. The levy created an "execution lien" on the property levied. (Code Civ. Proc., § 697.710.) The debtor asserts that it received a copy of the notice of levy on December 31, 2012.[4] At that point, according to the debtor, the sheriff's website indicated that the funds would be disbursed to the creditor on February 4, 2013. Although the debtor was aware, on December 31, 2012, of the levy on its funds, it took no immediate action to prevent the levied funds from being turned over to the creditor. Instead, on January 17, 2013, the same day as the motion

---

[2]     "[A]fter entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor, and shall be directed to the levying officer in the county where the levy is to be made . . . ." (Code Civ. Proc., § 699.510, subd. (a).)

[3]     The sheriff is considered the "levying officer." (Code Civ. Proc., § 680.260.)

[4]     The levying officer is to serve notice of the levy on the judgment debtor at the time of the levy "or promptly thereafter." (Code Civ. Proc., § 700.010.)

for judgment notwithstanding the verdict was to be heard, it made an ex parte application for a discretionary stay of execution.[5]

On January 17, 2013, the motion for judgment notwithstanding the verdict was denied, as was the ex parte application for discretionary stay.[6] Under Code of Civil Procedure section 917.1, subd. (a)(1), the enforcement of a monetary judgment is stayed by the perfecting of an appeal and the filing of a sufficient undertaking. At the time of the denial of its motion for judgment notwithstanding the verdict, more than two weeks remained for the debtor to perfect an appeal and file an undertaking before the levied funds were to be disbursed to the creditor.

The disbursement was to occur on February 4, 2013, a Monday. On February 1, 2013, the preceding Friday, the debtor filed a notice of appeal and an appeal bond.[7] Under Code of Civil Procedure section 697.040, subdivision (a), one of the effects of the stay which arises from the filing of a notice of appeal and sufficient undertaking is that "[e]xisting [execution] liens . . . are extinguished." Furthermore, upon extinguishment of such a lien, property held by a levying officer subject to the lien

[5] In its reply brief, the debtor explains that the motion was made at that time "in order to spare the court and the parties an unnecessary motion (in the event the JNOV motion was granted) and a second trip to court."

[6] The record submitted in support of the writ petition contains neither the ex parte application nor any indication of the grounds on which it was denied. We assume the motion was made pursuant to Code of Civil Procedure section 918, subd. (b), which permits a trial court to stay the enforcement of judgment for up to ten days beyond the last date on which a notice of appeal can be filed. As for the basis for the trial court's ruling, a document submitted by the creditor suggests that the court indicated that it denied a discretionary stay as it perceived no valid basis for an appeal.

[7] There is no suggestion that the appeal bond is, in any way, inadequate.

4

"shall be released," to the debtor, unless certain exceptions, inapplicable here, exist. (Code Civ. Proc., § 697.050.)

Concerned, however, that the sheriff would not *know* that the liens were extinguished, and would therefore disburse the levied funds to the creditor on the following Monday, the debtor hand served the sheriff with a copy of its notice of appeal and appeal bond.[8] The law is clear that, had the debtor sought an order staying further enforcement of the judgment and directing the sheriff to release the levied funds to the debtor, the court would have been required to issue it. (*California Commerce Bank v. Superior Court* (1992) 8 Cal.App.4th 582, 587 (*CCB*).) However, the debtor did not seek such an order. On February 7, 2013,[9] the levied funds were disbursed to the creditor by the sheriff.

On February 13, 2013, the debtor filed an ex parte application for an order requiring the creditor to return the erroneously disbursed funds. Relying exclusively on *CCB*, the debtor argued that, under the trial court's residual authority over the enforcement of judgments,[10] the court had the power to order the creditor to return to

---

[8]    "If a paper is required or permitted to be filed with a levying officer under this title, the paper is considered filed when it is actually received by the levying officer." (Code Civ. Proc., § 681.040.)

[9]    The date was possibly February 8, 2013. The record is unclear.

[10]    Code of Civil Procedure section 916, subdivision (b) provides that "[w]hen there is a stay of proceedings *other than the enforcement of the judgment*, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment . . . ." (Italics added.) Yet, under Code of Civil Procedure section 917.1, subdivision (a)(1), the perfecting of an appeal and filing of a sufficient undertaking "stay[ed] enforcement of the judgment." Thus, the notice of appeal and appeal bond *deprive* the court of

5

the debtor funds which had been erroneously disbursed to the creditor after the enforcement lien had been extinguished.

The trial court denied the application on the basis that, while *CCB* provided the court with authority to direct the sheriff to release to the debtor levied funds in its possession, the court had no authority to order the return of funds already delivered to the judgment creditor. On February 27, 2013, the debtor filed a petition for writ of mandate challenging the denial of its application.[11] We issued an order to show cause and now deny the petition.

---

jurisdiction over proceedings relating to the enforcement of the judgment. This is logical; as the perfection of an appeal and filing of an undertaking stay the enforcement of judgment, there should be no need for proceedings in any court relating to the enforcement of that judgment. However, *CCB*'s holding assumes that a trial court has, at a minimum, jurisdiction to *effectuate the stay* of enforcement. We assume the same.

[11] In its petition, the debtor argues that relief is necessary in order to protect its right to an effective appeal. As a rule, if a judgment is reversed on appeal, "the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of or execution on the judgment or order." (Code Civ. Proc., § 908.) The debtor suggests that this would not be possible in the instant matter, should it prevail on appeal, as the creditor "closed down its business in the winter of 2010, long before the underlying matter came to trial." "Thus," argues the debtor, "in all likelihood the money will be uncollectible by the time [the] appeal is concluded." The evidence on which petitioner relies for this proposition is insufficient to support it. It consists of excerpts from the trial testimony of one Eli Barak, who is otherwise unidentified, regarding a conversation with one Keith Whitehead, also unidentified. Even assuming that Whitehead was affiliated with, and spoke for, Fusion, Barak's testimony indicates only that, in November 2010, Whitehead told him that he had decided to "close this chapter of his life of manufacturing fixtures and want[ed] to move on to a different type of business." The testimony does not indicate whether Fusion would remain as a going concern and simply move on to a different type of business; nor does it indicate whether Fusion, apparently a corporate entity, would be dissolved. In its preliminary opposition, Fusion represents that it "is an ongoing business with viable assets . . . ."

6

The sole issue raised by this writ petition is whether the trial court has authority to order a judgment creditor to return to a judgment debtor funds which have already been disbursed to the creditor by the levying officer. We conclude that it does not.

*DISCUSSION*

As noted above, a levy on property under a writ of execution creates an execution lien on the property. (Code Civ. Proc., § 697.710.) Code of Civil Procedure section 697.040, subdivision (a) provides that "[i]f enforcement of the judgment is stayed on appeal by the giving of a sufficient undertaking . . . : [¶] (1) Existing liens created under this division are extinguished. [¶] (2) New liens may not be created under this division during the period of the stay." Moreover, Code of Civil Procedure section 697.050 provides, "If a lien created pursuant to this division is extinguished, property held subject to the lien shall be released . . . . " It is undisputed that this factual scenario is at issue in this case. The sheriff's levy on the debtor's account created an execution lien; the debtor's notice of appeal and appeal bond stayed the action and extinguished the lien; the extinguishment of the lien required that the levied property be released to the debtor. However, the property was not released to the debtor, and was, instead, disbursed to the creditor. The parties do not refer to, and independent research has not disclosed, any case authority supporting the proposition that a court can order the return of funds once disbursed, however erroneously, by the levying officer to the creditor. Indeed, all of the authority is to the contrary.

In *Del Riccio v. Superior Court* (1952) 115 Cal.App.2d 29 (*Del Riccio*), the court was concerned with a statutory scheme whereby once funds were in the hands of the levying officer, the funds were, in fact, the property of the judgment creditor. In that case, the trial court issued an order staying further execution of the judgment, after funds had been levied pursuant to a writ of execution. The question before the court was whether the trial court could stay execution after the funds had already been levied. (*Id*. at pp. 29-31.) The court answered the question in the negative. The court explained, "There can be no doubt as to the power of the court to control further proceedings while the execution is outstanding, but we think the court was without power to take control of the money of petitioners by ordering the sheriff not to pay it over as he was legally bound to do. The court would not have had authority to order the petitioners to pay the money into court after they had received it, and yet the orders in question accomplished a seizure by taking control of the fund. [¶] In the exercise of equitable jurisdiction the court undoubtedly has broad discretionary powers to take whatever action is necessary in the interests of justice in order that its decrees will not fail to accomplish their purpose. Here, no appeal was made to the equitable powers of the court. A stay of execution was proper—the code provides for it—but the court could not, by ordering a stay, undo what had already been done so as to deprive the creditor of ownership and use of money collected under the writ." (*Id*. at p. 31.)

While the instant statutory scheme provides that levied funds in the hands of the sheriff can, in fact, be ordered to be released to the debtor when a stay is effectuated, the language of *Del Riccio* with respect to funds in the hands of creditors is still valid. "The

8

court would not have had authority to order the petitioners to pay the money into court after they had received it . . . . " (*Del Riccio, supra,* 115 Cal.App.2d at p. 31.) Indeed, *CCB* cites favorably to *Del Riccio* for the proposition that, "in the absence of statutory authority a court cannot undo what has already been done so as to deprive a judgment creditor of ownership and use of money collected under a writ of execution." (*CCB, supra,* 8 Cal.App.4th at p. 584.) Although there is statutory authority for the proposition that a stay (arising from a perfected appeal and undertaking) results in the extinguishment of judgment liens, the inability to create further liens, and the release of property held subject to the liens, there is no statutory authority for the proposition that property disbursed to a creditor after a lien has been extinguished can be ordered to be returned.

Language in another case confirms the result. In *Estate of Neilson* (1960) 181 Cal.App.2d 769, the appellate court issued a writ of supersedeas to restrain the sheriff from disbursing levied funds to a judgment creditor when execution had been stayed by appeal. The court noted, "As long as the funds have not been paid over to the [creditor], this court may issue supersedeas to prevent execution in violation of the statutory stay." (*Id*. at p. 774.)

We are not unmindful of the situation in which the debtor finds itself. As it timely filed a notice of appeal and sufficient appeal bond, enforcement efforts were stayed. Having informed the sheriff of these filings, it assumed that the sheriff would

cease further enforcement efforts and release the funds to it.[12]  However, the debtor had a more conclusive remedy; it could have sought an order from the court recalling and/or quashing the writ of execution and releasing the liens.  (*CCB, supra,* 8 Cal.App.4th at p. 587; *Curley v. Superior Court* (1962) 199 Cal.App.2d 369, 371; Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2012) ¶ 6:613, p. 6D-70; cf. *Brown v. Kennard* (2001) 94 Cal.App.4th 40, 50 [when a party wrongfully executes on exempt funds, the litigation privilege bars an action for abuse of process; the proper remedy would have been to move to quash the wrongful writ of execution and levy].) The debtor failed to seek court intervention until the funds had already been disbursed to the creditor.  At that point, the court had no authority to order the funds returned to it.

---

[12]     There is some authority for the proposition that informing the sheriff is insufficient under these circumstances.  In *O'Brien v. Thomas* (1937) 21 Cal.App.2d Supp. 765, the creditor attached funds subsequently claimed by a third party.  The trial court ruled in favor of the third party, and ordered the marshal to release the funds to the third party.  The creditor informed the levying deputy that it would be filing an appeal, and the deputy responded that he would hold the money until the outcome of the appeal. The creditor was successful on appeal, only to learn that the marshal had released the funds to the third party.  When the creditor sued the marshal, the Court of Appeal ruled against him, stating that the creditor, "made no effort to preserve the *status quo* other than to tell a deputy marshal that an appeal would be taken from the judgment. A conversation with a deputy marshal cannot fulfill the function of an application to and order by the court." (*Id*. at p. 768; but see *Yuen v. McMann* (1893) 99 Cal. 497, 500-501 [upon notice of perfection of an appeal, it is the duty of the sheriff to release property from levy].)

10

## DISPOSITION

The petition for writ of mandate is denied.  Fusion, the creditor, shall recover its costs in these proceedings.

***CERTIFIED FOR PUBLICATION***


CROSKEY, Acting P. J.

WE CONCUR:


KITCHING, J.


ALDRICH, J.

11