[No. 14257. In Bank. — May 4, 1891.]

JAMES C. PENNIE, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

APPEAL — STAY BOND — ESTATES OF DECEDENTS — FAMILY ALLOWANCE. — Upon an appeal by claimants of an estate, from an order requiring the administrator to pay a family allowance to another claimant, who has been declared to be the adopted child and sole heir of the deceased, an undertaking in the sum of three hundred dollars, given as required by section 941 of the Code of Civil Procedure, stays proceedings upon the order appealed from.

ID. — SUBSEQUENT ORDER REQUIRING PAYMENT — EXCESS OF JURISDICTION— CERTIORARI. — An order made in the superior court after such appeal has been perfected, directing the administrator to make the payment, is beyond the jurisdiction of the superior court, and will be annulled upon *certiorari.*

CERTIORARI to review and annul an order of the Superior Court of the city and county of San Francisco requiring an administrator to pay a family allowance.

The facts are stated in the opinion of the court.

*Naphtaly, Friedenrich & Ackerman, H. S. Brown, John R. Jarboe,* and *W. S. Goodfellow,* for Petitioner.

*T. I. Bergin, W. H. H. Hart,* and *Garber, Boalt & Bishop,* for Respondents.

McFARLAND, J. — This is an original proceeding here by *certiorari,* brought to review and annul an order of the superior court requiring petitioner, as administrator of Thomas Blythe, deceased, to pay a large sum of money to Florence Blythe. The latter had brought an action, under section 1664 of the Code of Civil Procedure, to have herself decreed to be the adopted child and heir of said Blythe, deceased; and on October 22, 1890, a decree had been entered by the superior court (respondent here) declaring her to be such adopted child and heir. From that decree certain defendants — known generally as the "Williams claimants" — took an appeal to this court. On October 31, 1890, the court made an order granting a large amount of money to said Florence as a family allowance; and from this latter order the Williams claimants also appealed, giving the usual statutory undertaking on appeal, provided for in section 941 of the Code of Civil Procedure, in the sum of three hundred dollars. Notwithstanding the appeal, the court afterwards, on November 19, 1890, made another order directing the administrator to pay to Florence the amount of money mentioned in said order of October 31. And the question presented is, Does the appeal stay proceedings under the order appealed from?

We think that the question here presented was definitely settled in favor of petitioner's contention, by the decision of the court in *Estate of Schedel,* 69 Cal. 241. In that case a legatee appealed from a decree of distribution, and gave the three-hundred-dollar undertaking provided by section 941 of the Code of Civil Procedure; and it was contended that such an undertaking did not stay proceedings upon the decree appealed from. But

the court held otherwise, and said, among other things, as follows: "Sections 942 to 945, inclusive, apply to appellants *who are required to perform the directions* of the judgment or order appealed from. This is manifest from their language. But the appellant in the present case is not required to do anything. It feels aggrieved by the decree, however, and has the right to appeal. The case is one 'not provided for in sections 942, 943, 944, and 945,' and consequently, by the terms of section 949, the perfecting of the appeal, by giving the undertaking mentioned in section 941, stays proceedings in the court below upon the judgment appealed from." We see no sound distinction between that case and the one at bar. Such a distinction is contended for by respondent, on the ground that the policy of the law puts an order in the form of a "family allowance" on a different footing from any other order which gives property of the estate to one litigant against the claims of others; but the alleged distinction is not discernible. The main point of the litigation seems to have been whether there was any family; and it is difficult to see why, in such case, the right of an appellant to keep the property *in statu quo* during the appeal is not as effective against an order of "allowance," as against an order of distribution. But as to the main fact upon which the Schedel case was decided, it is identical with the case at bar; namely, that in neither case was the appellant required to "perform the directions of the judgment or order appealed from." The general rule, as declared in section 949, is, that the three-hundred-dollar undertaking mentioned in section 941 "stays proceedings in the court below upon the judgment or order appealed from." The exceptions are contained in sections 942 to 945, inclusive; and those sections apply to cases where the appellant has money or other property in his possession which has been adjudged by the lower court to belong to the respondent, or where the appellant has been di-

rected to do some act for the benefit of respondent, and where it would be unjust to allow the appellant to retain the possession of the property, and perhaps dissipate it or put it out of his power to perform the act required, without securing respondent by a bond. But in the case at bar the appellants are in no such advantageous position. They are in possession of no property or money which they could squander during the appeal, and are not required to do any act. During the appeal the money involved will merely remain in the hands of the administrator, secured by his bond. The case, therefore, does not come within any of the exceptions above mentioned, and the execution of the order of October 31st was stayed by the appeal. The subsequent order of November 19th was therefore made without jurisdiction.

It is ordered and adjudged that the order of the respondents, the superior court and the judge thereof, made on November 19, 1890, requiring the petitioner, as administrator, to pay to Florence Blythe the sum of money mentioned in the said order of October 31, 1890, as set forth in the petition herein, and every part thereof, be and the same hereby is set aside and annulled.

DE HAVEN, J., GAROUTTE, J., PATERSON, J., and BEATTY, C. J., concurred.

HARRISON, J., deeming himself disqualified, did not participate in the foregoing opinion.