[Civ. No. 9986.    Third Dist.    June 15, 1960.]

Estate of CHARLES CHRISTIAN NEILSON, Deceased. INES NEILSON, Respondent, v. HAZEL DeBOER et al., Petitioners.

Cleveland J. Stockton, William C. Coffill and Griffin, Conway & Jones for Petitioners.

Robert R. Elledge for Respondent.

SCHOTTKY, J.—Hazel DeBoer, individually, Wade Coffill, as trustee for Ed Neilson and as executor of the estate of Charles Christian Neilson, and Ed Neilson seek a writ of supersedeas to restrain Dan Kelsay, the Sheriff of Stanislaus County, from paying funds which he obtained as the result of a levy on the executor of the estate of Charles Christian Neilson to Ines Neilson.

Charles Christian Neilson died May 12, 1958. By the terms of his will he left his entire estate to his daughter, Hazel DeBoer, and Wade Coffill, as trustee for his son Ed Neilson. The testator did not provide for his wife, Ines Neilson, by his will. The will was admitted to probate and Wade Coffill was

issued letters testamentary. Thereafter the executor filed a petition to determine heirship. Ines Neilson then filed a statement of interest in which she claimed that the assets of the estate were community property. Wade Coffill, as trustee for Ed Neilson, and Hazel DeBoer each filed a statement of interest in which each asserted that the assets of the estate were the separate property of the decedent. A hearing was had on the matter and at its conclusion the matter was submitted to a jury which rendered a special verdict that all of the real property and substantially all of the personal property in the estate was the community property of Ines Neilson and the decedent. On October 13, 1959, the clerk of the court entered judgment in accordance with the verdict of the jury. The judgment also included the following provision:

"AND in the discretion of the Court, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each of the three claimants in this matter, . . ., each have and recover their own separate necessary costs and disbursements in this proceeding, of, from and out of the Estate of said Charles Christian Neilson and Wade H. Coffill, as Executor thereof, the said necessary costs and disbursements of each of said claimants to be fixed and determined by separate Memoranda of Costs and Disbursements, . . . ."

On October 13, 1959, Ines Neilson filed a memorandum of costs in the amount of $1,661.40. Thereafter a motion for a new trial and for a judgment notwithstanding the verdict which had been previously made by the claimants, Hazel DeBoer, Wade Coffill and Ed Neilson, was denied. On the same day, December 4, 1959, each of the said claimants filed their notice of appeal from the judgment and from the order denying their motion for judgment notwithstanding the verdict. On December 17, 1959, Ines Neilson caused a writ of execution to be issued by the clerk of the court and the sheriff levied upon funds in the possession of Wade Coffill, as executor, to satisfy the writ of execution. Thereafter the court issued an order temporarily restraining the sheriff from paying the funds to Ines Neilson. On January 7, 1960, Wade Coffill, as executor, asked the court to recall the writ of execution and restore to him the funds levied upon. This motion has not been decided, but according to this petition the court has indicated that unless this court issues its writ of supersedeas it will deny the motion. This petition followed.

An appeal lies from an order determining heirship. (Prob. Code, § 1240; *Estate of Barber*, 49 Cal.2d 112 [315

P.2d 317].) ▆ A beneficiary under a trust is an interested and aggrieved party who may appeal from an order in an heirship proceeding which adversely affects his interest (*Estate of Marshall*, 120 Cal.App.2d 747 [262 P.2d 42]); but an executor cannot appeal in his representative capacity. (*Estate of Conklin*, 139 Cal.App.2d 532 [293 P.2d 794].) From these rules it is evident that Wade Coffill, as trustee, Hazel DeBoer and Ed Neilson had the right to appeal from the order determining heirship. ▆ An appeal from an order determining heirship automatically stays all proceedings in the court below. (*Pennie* v. *Superior Court*, 89 Cal. 31 [26 P. 617].) In the Pennie case the court annulled an order granting a family allowance after an appeal had been taken from an order determining heirship. There is no substantial difference from the facts of the Pennie case and the instant case insofar as the question of stay is concerned.

▆ A judgment for costs is also automatically stayed by the taking of an appeal. (*Imperial Beverage Co.* v. *Superior Court*, 24 Cal.2d 627 [150 P.2d 881]; *California Standard Finance Corp.* v. *Cornelius Cole, Ltd.*, 132 Cal.App. 105 [22 P.2d 520].) ▆ It is improper for a probate court to exercise its discretion and award costs until the final determination of the matter before it. It should not make an award of costs where an appeal is taken. (*Estate of Jamison*, 41 Cal.2d 1 [256 P.2d 984].) So even if the judgment for costs were severable, it was stayed by the taking of the appeal. It was improper for the court to award costs because an appeal had been taken, and it was accordingly improper for a writ of execution to issue where the judgment had been stayed by the taking of the appeal.

Respondent, Ines Neilson, contends that the writ may not issue because at the time that the writ of execution was issued and the levy was made there was no statutory stay in effect as to the executor since he did not appeal. ▆ Respondent seeks to invoke the rule that an appeal does not operate as a statutory supersedeas as to that portion of the judgment directed to nonappealing parties. (See *Halsted* v. *First Savings Bank*, 173 Cal. 605 [160 P. 1075].) We do not believe that the rule is applicable to the instant case. In *Estate of Dabney*, 37 Cal.2d 402, at page 407 [232 P.2d 481], the court said: "It is established that under the provisions of section 949 of the Code of Civil Procedure the perfecting of an appeal from a decree of distribution by an appellant who is not required to perform the directions of the judgment or order

appealed from 'stays proceedings in the court below upon the judgment appealed from.' (See *In re Schedel* (1886), 69 Cal. 241, 243 [10 P. 334] [distributee appealed; distribution held automatically stayed]; *Pennie* v. *Superior Court* (1891), 89 Cal. 31, 34 [26 P. 617] [estate claimants appealed from an order directing payment of family allowance; payment thereof held automatically stayed]; *Born* v. *Horstmann* (1889), 80 Cal. 452, 453 [22 P. 169, 338, 5 L.R.A. 577] [perfection of an appeal by claimants under testamentary trust 'operates as a *supersedeas*']; *Firebaugh* v. *Burbank* (1898), 121 Cal. 186, 190 [53 P. 560]; *Estate of Wellings* (1925), 197 Cal. 189, 195-196 [240 P. 21]; *Jensen* v. *Hugh Evans & Co.* (1939), 13 Cal.2d 401, 405-406 [90 P.2d 72], and cases there cited; see also *Estate of Garraud* (1868), 36 Cal. 277, 280 [appeal by estate claimants from order of distribution 'suspended and stayed its vital force and effect; and, pending such appeal, no action could be taken by the Court below for the enforcement of the order, or upon any subject matter embraced therein'].)''

▮▮▮ Respondent, Ines Neilson, also contends that the writ of supersedeas may not issue because the money is in the hands of the sheriff. Respondent relies on the language in *Del Riccio* v. *Superior Court*, 115 Cal.App.2d 29, at page 31 [251 P.2d 678], that ''When the writ has been regularly issued and executed, money collected, while in the hands of the officer, is property of the judgment creditors and not the debtor. Nothing can be done with it other than to turn it over to the creditor. The possession of the officer solely for the use and benefit of the creditor is possession by the latter. . . . [T]he court was without power to take control of the money of petitioners by ordering the sheriff not to pay it over as he was legally bound to do. . . .'' There is no quarrel with the rule stated when the writ of execution is regularly issued and executed. Here, however, the writ was issued in violation of a statutory stay. ▮▮▮ As stated in 4A Corpus Juris Secundum, Appeal and Error, section 667: ''At common law a supersedeas does not destroy the lien effected by the previous levy of an execution or effect a stay of further proceedings thereon; but, under the statutes providing for the allowance and perfecting of a supersedeas on the execution of a prescribed bond, the common-law rule and the theory that the levy and sale under an execution are indivisible and that the execution must be regarded as fully executed from the time of the levy are changed, and the general rule now is

that a supersedeas becomes effective notwithstanding a levy, and stays further proceedings thereunder, . . . ." In *Scott* v. *Larson*, 82 Cal.App. 46 [255 P. 248], a writ of supersedeas was issued after a levy had been made. In *Brown* v. *Rouse*, 115 Cal. 619 [47 P. 601], supersedeas was issued after execution was issued when a valid stay bond was in effect. And as stated in *Estate of Dabney, supra,* at page 408: "It is also established law that even where an appeal effects a statutory stay, the writ of supersedeas will issue 'in a corrective capacity' in case of a violation or threatened violation of such stay." As long as the funds have not been paid over to the respondent, Ines Neilson, this court may issue supersedeas to prevent execution in violation of the statutory stay.

In view of the fact that we have concluded that the appeal operated as a statutory stay, we feel that a writ of supersedeas should issue.

Let the writ of supersedeas issue as prayed for.

Van Dyke, P. J., and Peek, J., concurred.