185 F.3d 992 (9th Cir. 1999)
 In re: DAVID SILVA and SHARON SELMASSKA, C. BARRY ZIMMERMAN, Plaintiff-Appellee, and JOHN H. KROMMENHOEK, Trustee-Appellee,
v.
FIRST UNION NATIONAL BANK, Formerly known as FIRST FIDELITY BANK, N.A., formerly known as FIRST FIDELITY BANK, N.A., New Jersey, Defendant-Appellant.
 No. 98-35956
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 13, 1999
Decided July 28, 1999
 
 Sheila R. Schwager, Hawley Troxell Ennis & Hawley, Boise, Idaho, for the defendant-appellant.
 Barry E. Peters, Eagle, Idaho, for the plaintiff-appellee.
 Appeal from the United States District Court for the District of Idaho, Edward J. Lodge, Chief Judge, Presiding. CV-97-00518-EJL
 Before: Alfred T. Goodwin, Thomas M. Reavley[1] and M. Margaret McKeown, Circuit Judges.
 OPINION
 GOODWIN, Circuit Judge:
 
 
 1
 First Union National Bank ("First Union"), successor in interest to defendant First Fidelity, N.A., New Jersey ("First Fidelity"), appeals the district court's order affirming the order of the bankruptcy court, which denied First Union's motion to set aside a default judgment entered in favor of the Chapter 7 Trustee ("Trustee") and against First Fidelity. First Union contends that the default judgment is void because the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding, for the original turnover complaint failed to establish that the property sought was owned by the individual debtors, David Silva and Sharon Selmasska (the "Debtors"). We disagree and affirm.
 
 
 2
 On August 13, 1993, the Debtors filed a joint Chapter 13 bankruptcy, which was voluntarily converted to a Chapter 7 on January 5, 1994. Soon after, Barry Zimmerman was appointed as Trustee, and he became aware of a "Dealer Reserve Bank Account" ("Account") allegedly on deposit at First Fidelity in the name of Milano-Silva Inc., in which the bankruptcy estate ("Estate") claimed an interest. After making several unsuccessful attempts to contact First Fidelity, the Trustee, on July 14, 1995, filed an adversary proceeding against First Fidelity seeking judgment for turnover of the account proceeds.
 
 
 3
 A Complaint and Summons were served on First Fidelity on July 14, 1995, but First Fidelity failed to file an Answer or make an appearance to contest the Trustee's Complaint. As a result, the bankruptcy court entered a default judgment against First Fidelity in favor of the Trustee for the full amount of the account ($45,330.70) on August 17, 1995. Unknown to the Trustee or the bankruptcy court, however, the bank had already disbursed the monies in the Account to Martin Milano on July 22, 1994, even though First Fidelity had been notified, as of December 1, 1993, by the Debtors' attorney that Estate was claiming the Account as its property.
 
 
 4
 First Union, successor to First Fidelity, filed a Motion for Relief from Judgment on July 15, 1997. It asserted that it was entitled to relief from the default judgment because the bankruptcy court lacked subject matter jurisdiction and, thus, the judgment was void.[2] The bankruptcy court denied the motion, and concluded that it had proper core jurisdiction for the entry of the judgment.
 
 
 5
 On October 23, 1997, First Union filed a notice of appeal to the Bankruptcy Appellate Panel, and the case was referred to the United States District Court for the District of Idaho, but the court denied the appeal and affirmed the original judgment. First Union now appeals to this court on the grounds that the bankruptcy court lacked subject matter jurisdiction to grant the turnover request.
 
 
 6
 First Union asserts that the district court erred in denying its motion, pursuant to Fed. R. Civ. P. 60(b)(4) and Bankruptcy Rule 9024, to set aside the default judgment entered against First Fidelity and in favor of the Trustee seeking property of the Estate. First Union argues that the bankruptcy court lacked subject matter jurisdiction, for the turnover order was not a core proceeding relating to the bankruptcy, and noncore jurisdiction was never established. 28 U.S.C. S 157 (limiting bankruptcy court's jurisdiction to (1) core proceeding relating to bankruptcy, (2) noncore proceeding relating to bankruptcy in which parties consent to court's jurisdiction, and (3) noncore proceeding relating to bankruptcy where court submits its proposed findings of fact and conclusions of law to district court for final order). The Trustee, on the other hand, contends that the turnover order involved a core proceeding, which should be exclusively governed by bankruptcy law.
 
 
 7
 Because it is undisputed that noncore jurisdiction was not established, resolution of this case turns on whether the District Court correctly determined that the turnover action was a core proceeding.[3] Section 157(b)(2)(E) characterizes orders to turn over property of the estate as core matters, as does S 157(b)(2)(A) for matters concerning the administration of the estate. Because the Trustee's Complaint specifically pleaded that First Fidelity turn over the account under the name Milano-Silva Inc. to the Estate because that account was in fact the property of the Estate, it appears that the court did not err in considering the Trustee's turnover request.
 
 
 8
 The Ninth Circuit has addressed the issue of turnover requests, ruling that such actions fall within the purview of the bankruptcy court. In In re Kincaid, 917 F.2d 1162 (9th Cir. 1990), this court expressly held that the bankruptcy court had the authority to require the turnover of property of an estate, pursuant to S 157(b)(2)(E), and to determine whether that property did in fact belong to the debtor, pursuant to S 157(b)(2)(A). 917 F.2d at 1164-65. It stated that because "an action to obtain property of the estate would necessarily involve a determination regarding `the nature and extent of property of the estate,' the action would also be a matter `concerning the administration of the estate,' and, therefore, a core proceeding." Id. at 1165 (citing 28 U.S.C. S 157(b)(2)(A)) (quoting In re Kincaid, 96 B.R. 1014, 1017 (9th Cir. BAP 1989)).
 
 
 9
 First Union contends that the Trustee failed to detail with sufficient particularity its turnover request, for the Complaint never established that the property in question was actually owned by the Debtors, rather than Milano-Silva Inc., as required by S 157(b)(2)(E). First Union also asserts that even if the bankruptcy court were empowered to determine the ownership of the property pursuant to S 157(b)(2)(A), the Trustee never explicitly alleged that the corporate account was a sham,[4] and, thus, its Complaint was insufficient to warrant review by the court. However, the Trustee pleaded with sufficient particularity that the corporateaccount was property of the Estate, and, accordingly, the bankruptcy court had jurisdiction to decide whether the account was in substance ownedby the Debtors.
 
 
 10
 For the foregoing reasons, we affirm the district court's order.
 
 
 11
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.
 
 
 [2]
 Because First Union failed to file an appeal within a year of the judgment, its right to challenge the merits of the decision had been foreclosed.
 
 
 [3]
 28 U.S.C. S 157(b)(2) sets forth as core matters:
 (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate . . . ; (C) counterclaims by the estate against persons filing claims against
 the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property . . . ; and (O) other proceedings affecting the liquidation of the assets of the estate . . . .
 
 
 [4]
 First Union argues that, at a minimum, the Trustee should have alleged that Milano-Silva Inc. was merely a corporate shell for the Debtors (i.e., he should have attempted to pierce the corporate veil). If he did not, as First Union claimed, the bankruptcy court would not have jurisdiction to consider the turnover order.