**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: EMILY ANN BAYLEY, | No. 15-55142 |
| Debtor, | D.C. No. 2:14-cv-07799-BRO |
| THE BEST SERVICE CO. INC., | MEMORANDUM [*] |
| Appellant, | |
| v. | |
| EMILY ANN BAYLEY, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted February 14, 2017
Pasadena, California

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Appellant-Creditor The Best Service Company ("Best Service") appeals the

district court's order affirming the bankruptcy court, which granted Appellee-

Debtor Emily Ann Bayley's ("Bayley") motion for intentional violation of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

automatic stay. The district court concluded that Best Service violated two of the automatic stay provisions in Bayley's Chapter 13 bankruptcy proceeding— specifically 11 U.S.C. § 362(a)(2) and (3)—when it failed to direct the Los Angeles County Sheriff to release levied funds back to Bayley's estate. The district court also determined that the violations were willful and ordered Best Service to pay Bayley's attorneys' fees and costs pursuant to 11 U.S.C. § 362(k)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Upon the filing of Bayley's bankruptcy petition, Best Service had an affirmative duty to turn over all property to the bankruptcy estate, even if it was in the Sheriff's possession. *See Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996); *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989). However, by directing the Sheriff to hold the levied funds, Best Service both "enforce[d]" its pre-petition judgment, *see* 11 U.S.C. § 362(a)(2), and "exercise[d] control over property of the estate," *see id.* § 362(a)(3). Best Service should have "cease[d] its collection procedures and notif[ied] the Sheriff to return [Bayley's] property." *In re Hernandez*, 468 B.R. 396, 405 (Bankr. S.D. Cal. 2012). But because it did not, the district court properly concluded that Best Service was in violation of the automatic stay.

2.      The district court also correctly determined that Bayley was entitled to attorneys' fees and costs as a result of Best Service's violation. Under 11 U.S.C.

§ 362(k)(1), a violation of the automatic stay is willful "if [the] party knew of the automatic stay, and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (citation omitted). Here, it is undisputed that Bayley immediately notified Best Service about the filing of her voluntary bankruptcy petition, and Best Service does not argue that it was unaware of the automatic stay's effects. Despite this knowledge, Best Service decided to direct the Sheriff to hold the levied funds. As such, Bayley is entitled to an award for the costs "incurred in ending [the willful] violation of the automatic stay." *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1099 (9th Cir. 2015) (en banc).

3.      Finally, "[w]hen a party is entitled to an award of attorney's fees in the court of first instance, as [Bayley] was here, she is . . . entitled to recover fees incurred in successfully defending the judgment on appeal." *Id.* at 1101. Thus, Bayley is entitled to recover the attorneys' fees reasonably incurred in opposing Best Service's appeal in the district court. *See id.*

Additionally, Bayley continues to oppose Best Service's appeal in this court, and she is therefore entitled to an award for the fees and costs she has expended here. And while the district court properly held that the bankruptcy court was "the proper forum to decide" the amount of that fee award, we make clear that a fee award is mandatory at all levels of review to compensate Bayley for the damages

3

she has suffered as a result of Best Service's willful violation of the automatic stay. *See* 11 U.S.C. § 362(k)(1).

Costs are also awarded to Appellee.

**AFFIRMED.**